274 P.2d 246

**STATE of Utah, Plaintiff and Respondent,**

v.

**Dick SMITH, Defendant and Appellant.**

No. 8158.

Supreme Court of Utah.

Sept. 28, 1954.

———◆———

Dobbs & Dobbs, Ogden, for appellant.

Roland L. Anderson, Dist. Atty., Ogden, E. R. Callister, Jr., Atty. Gen., for respondent.

HENRIOD, Justice.

█ Defendant urges that the evidence, as a matter of law, failed to establish guilt, and we agree. The only evidence other than the testimony of the prosecutrix was a sister's statement that defendant jokingly had remarked that she could make more money doing something else than being a waitress, and that the prosecutrix was seen to give defendant some money on one occasion, testimony of another woman that she had given accused some money, and testimony of an officer that he had seen the prosecutrix and the accused together on a number of occasions. None of this evidence tends to prove or corroborate the charge that the defendant "induced, persuaded, encouraged, inveigled and enticed" the prosecutrix *"to become* a prostitute."

The offense with which defendant is charged is one of a number found in the pandering statute, Title 76–53–8, U.C.A. 1953. It differs from some of the others by being predicated on an inducement *to become* a prostitute. There is no evidence here that the prosecutrix was not a chaste woman before the accused allegedly induced her to become a prostitute, and the presumption is that she was chaste at that time. Title 77–31–14 requires that:

"Upon a trial for * * * inveigling, enticing or taking away any female of *previously chaste character*

for the purpose of prostitution * * the defendant shall not be convicted upon testimony of the woman upon or *with whom the offense was committed,* unless she is corroborated by other evidence." (Italics supplied.)

█ We believe and hold that under this section the testimony of the prosecutrix here must be corroborated. The section, we believe, was intended to supplement that which requires corroboration of an accomplice's testimony, Title 77–31–18, U.C.A.1953, since a woman cannot be an accomplice, but only a victim, under the pandering statute and under Title 76–53–20, which deals with taking a female under 18 for prostitution, there appearing to be as much reason for requiring corroboration in such cases as there is where an accomplice testifies. Title 77–31–14, would be meaningless if it did not apply to the present charge under Title 76–53–8, and/or to a charge under Title 76–53–20, since those two sections are the only ones in our code where it *could* apply. The language is broad enough to cover both sections, the "inveigling" and "enticing" found in the pandering statute and the "taking away" in the other.

Title 77–31–14, requiring corroboration, was taken from and is identical to Section 4858 of the Revised Statutes of Utah 1898. Title 76–53–20 relating to taking away females under 18 for prostitution, was taken from and is identical to Section 4223 of the 1898 statutes. Title 76–53–8, the pandering statute, although enlarged in 1911, L.1911, ch. 108, Sec. 1, retained the words "inveigles" or "entices" which are found in the pandering statute of 1898, Sec. 4222. It seems obvious that the 1898 section requiring corroboration applied specifically to the sections dealing with females under 18 and to pandering, which at that time described the victim as being one "of previous chaste character,"—the language found in the 1898 and also the present corroboration statute. The fact that such language is not in the present pandering statute does not destroy the obvious intent of the legislature to require corroboration where the charge is an inveigling of a female *to become* a prostitute. The phrase "to become" imports previous chastity, unless it is shown that the woman involved was not chaste.

It might be argued that since the prosecutrix must be one "with whom the offense was committed," the section cannot be invoked since she cannot be a principal in the offense. The same phraseology and the same inability to participate are found in the 1898 statutes, and a casual reading of those statutes indicates clearly that the corroboration statute was pointed directly at the pandering statute and the one involving the taking away of females under 18 for prostitution. It would seem, therefore, that the phrase "woman upon or with whom the offense was committed" has to do only with the fact that a woman is a necessary adjunct in the commission of the

offense by another, and is but the victim of and not a party to the offense.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.